UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS RIVERA,

              Petitioner,

           - against -

MICHAEL McGINNIS, Superintendent, Southport
Correctional Facility,

              Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
07-cv-3874 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On September 12, 2007, pro se petitioner Carlos Rivera ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his judgment of conviction rendered in Richmond County, New York for one count of Criminal Possession of a Weapon in the Third Degree, one count of Tampering with Physical Evidence, and two counts of Assault in the Second Degree. Petitioner claims that he was denied his right to a fair trial by the trial court's refusal to question the jury during the trial about a newspaper article about Petitioner. Petitioner also claims that his sentence as a persistent violent felony offender violated Apprendi v. New Jersey, 530 U.S. 466 (2000). For the reasons set forth below, the Petition is denied.

## I. FACTUAL BACKGROUND

On May 27, 2004, in the midst of Petitioner's trial, Petitioner's attorney notified the trial judge that the May 26, 2004 edition of the Staten Island Advance contained an extensive article about Petitioner's trial, on page A7. The article described the charges against Petitioner, mentioned Petitioner's two prior violent felony convictions, and noted that Petitioner was being tried in absentia. The article reported that the last time Rivera appeared in court, he had been

"subdued by senior court officers after a violent outburst" and that "[s]enior court officers had to restrain him after he kicked a row of chairs at the defense table and flailed at them. Since then, he has refused to return to the courtroom." Frank Donnelly, Trial of Prison Inmate Begins – Without Inmate, Staten Island Advance, May 26, 2004, at A7.

Petitioner's attorney asked the trial judge to inquire whether the jurors had read or discussed the article, but the court refused, saying that such inquiry would amount to asking the jury if they had disobeyed his "repeated instructions not to read anything about the case, they're presumed to have followed those instructions... If I had some specific information that one of them had read it, I would certainly inquire. There is no information in that regard." (Trial Tr. at 553-54.)

On July 21, 2004, after the jury rendered its guilty verdict, Petitioner was sentenced pursuant to New York Penal Law Section 70.08 as a persistent violent felon on the basis of several prior felony convictions. (Sentencing Tr. at 16.)

## II. PROCEDURAL BACKGROUND

On July 25, 2006, the Appellate Division, Second Department denied Petitioner's direct appeal, finding, with respect to Petitioner's claim regarding the article in the Staten Island Advance, that:

> [T]he Supreme Court providently exercised its discretion in declining to voir dire the jury about a local news article which had appeared during the trial. Other than mere publication of the article, there was no indication that the article had been 'placed before the jury.' In any event, the prejudice to the defendant would have been minimal under the circumstances."

People v. Rivera, 31 A.D.3d 790 (2d Dep't 2006). The court also found that Petitioner's sentencing claim was procedurally barred, since no objection had been lodged with the

2

sentencing court. In any event, it found that the claim had no merit. Id.

On November 6, 2006, the New York Court of Appeals denied Petitioner's application for leave to appeal the Appellate Division's decision. People v. Rivera, 7 N.Y.3d 904. Because it was filed within a year of February 4, 2007, when Petitioner's judgment of conviction became final, the Petition is timely. See 28 U.S.C. § 2254(d); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001) (judgment of conviction becomes final ninety days after the New York Court of Appeals denied leave to appeal).

## III. DISCUSSION

### i. The Article in the Staten Island Advance

Petitioner claims that the trial court should have questioned the jury about the article in the Staten Island Advance in order to ensure that all the members of the jury were untainted by the article and could render an impartial verdict.

Because the Second Department rejected Petitioner's claim on the merits, Petitioner can succeed here only if he can demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law, as determined by the Supreme Court, if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A decision is an unreasonable application of clearly established federal law, as determined by the Supreme Court,

3

if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id.

The constitutional standard of fairness requires that a defendant have "a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961). In order to make sure that this standard is met when the trial court is "confronted with the problem of publication or broadcast of information concerning an ongoing criminal trial," the Second Circuit requires that a district court:

> first . . . must decide whether the publicity contains potentially prejudicial information, and whether the members of the jury might have been exposed to it. If the broadcast or article contains no information beyond the evidence in the case, or if the information is clearly innocuous or the possibility of the jury's exposure to it is remote, further inquiry may not be necessary. If, however, the court determines that the article or broadcast has a potential for unfair prejudice, then an initial inquiry of the jury is necessary to ascertain whether any of its members have been exposed to the information. Any juror who responds that he or she has been so exposed should be examined individually, out of the presence of the other jurors, to determine the extent of the exposure and its effect on the juror's attitude toward the trial. This precautionary procedure should permit the court to determine what further steps, if any, are required to insure that the trial proceeds fairly.

United States v. Lord, 565 F.2d 831, 838 (1977).

The Supreme Court has not had occasion to speak on the procedure approved by the Second Circuit in Lord. Its cases establish only that the district court has "a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. Generalizations beyond that statement are not profitable, because each case must turn on its special facts." Marshall v. United States, 360 U.S. 310, 312 (1959). The district court,

4

after examining the totality of circumstances, must ensure that the trial was fundamentally fair. See Murphy v. Florida, 421 U.S. 794, 799 (1975).

In Mu'Min v. Virginia, 500 U.S. 415, 425-26 (1991), for example, the defendant committed a murder while out of prison on work detail. News accounts of the murder discussed details of the investigation, information about the defendant's criminal record, alleged prison infractions, and his confession to the murder. During voir dire, the trial court inquired into whether jurors had read news accounts, and, if so, whether they could enter the jury box with an open mind. The trial court, however, refused to question the jurors about the specific articles they had read. Stressing the wide discretion granted to the trial court in conducting inquiry into juror bias, the Court found that the limited examination of the jurors was adequate and that the trial was not "fundamentally unfair." The factors relevant to the court's inquiry were that there had been no "wave of public passion" against the defendant, the news accounts in question did not contain opinions as to his guilt or the appropriate punishment that should be meted out, and the trial court conducted appropriate questioning to determine if the jurors had formed an opinion regarding the defendant's guilt. Id. at 1907-08.

Here, considering the wide discretion granted to the trial court and the totality of the circumstances, the Second Department did not unreasonably apply Murphy in finding that no questioning of the jurors about the Staten Island Advance article was required. First, there was only a small chance that any of the jurors had read the article, as it appeared on an interior page of a newspaper of limited circulation, in one of the biggest media markets in the country. Second, the trial court had repeatedly warned jurors not to read anything concerning the case, including on the day the article appeared in the Staten Island Advance. (Trial Tr. at 282, 447,

516, 544.) Because of the small possibility that any juror had actually read the article, it was not an unreasonable application of Supreme Court precedent for the Second Department to find that the trial judge reasonably declined to question the members of the jury.[1] Petitioner's first claim is therefore denied.

### ii. Petitioner's Apprendi Claim

Petitioner's second claim is that his sentence as a persistent violent felony offender violated Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court:

> held that it was unconstitutional for the sentencing judge to sentence above the otherwise applicable statutory maximum based on the judge's factual finding as to the defendant's intent at the time he committed the crime. The rule formulated by the Court was that '*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'

Brown v. Greiner, 409 F.3d 523, 529-30 (2d Cir. 2005), quoting Apprendi, 530 U.S. at 490 (emphasis added).

Under New York's persistent violent felony offender statute, pursuant to which Petitioner was sentenced, a defendant found guilty of a violent felony offense who already has two predicate violent felony convictions is subject to a sentence above the otherwise applicable statutory maximum. N.Y. Penal Law § 70.08. Because the fact that increases the penalty above

---

[1] Even under the Second Circuit's more stringent test, questioning of the jury is not always required when prejudicial articles appear in the press. In Lord, for example, the district court "erred in relying solely on repetitive admonitions to the jury to avoid news coverage of the trial" only because of the widespread availability of the newspapers carrying those articles and the prominent position occupied by those articles. The Second Circuit found that "[u]nder such circumstances, it is not enough to assume that jurors will faithfully observe general cautionary instructions." 565 F.2d at 838.

6

the statutory maximum is a prior conviction, the statute is wholly in accord with Apprendi, which specifically excludes such facts from the ambit of its rule.[2] Petitioner's Apprendi claim is therefore also denied.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DENIED. As Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), in forma pauperis status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 17, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Although the Second Department stated that Petitioner's sentencing claim was procedurally barred, the Second Circuit has found that the type of procedural default relied on here is "'interwoven' with the court's rejection of the federal law claim on the merits; it does not bar federal habeas review." Brown, 409 F.3d at 532.